# IN THE UNITED STATES DISTRICT COURT

# FOR THE DISTRICT OF NEW MEXICO

ANTHONY ROYBAL, et al.,

    Plaintiffs,

v.                                                               No. 1:18-cv-55-KWR-JFR

COMMUNITY OPTIONS, INC., et al.,

    Defendants.

## MEMORANDUM OPINION AND ORDER GRANTING DEFENDANTS' MOTION TO STAY THE ACTION AND COMPEL ARBITRATION

**THIS MATTER** is before the Court on Defendants' Motion to Stay the Action and Compel Arbitration [Doc. 47], filed September 20, 2019. Having reviewed the parties' pleadings and the applicable law, the Court finds that Defendants' motion is well-taken and, therefore, is **GRANTED**.

## BACKGROUND

This action arises from alleged violations of the Fair Labor Standards Act (FLSA) and the New Mexico Minimum Wage Act for failure to credit and pay Plaintiffs Anthony Roybal and Matthew Romero ("Plaintiffs") for overtime work. Defendant Community Options Inc. is a non-profit corporation providing living assistance and health to disabled and infirm individuals.[1] Defendants conduct business in ten states. Defendants employed Plaintiffs as "aides," with duties including providing medically related services to clients. Plaintiffs were paid on an hourly basis. It is undisputed that, upon employment, Plaintiffs signed Arbitration Agreements in which they agreed to "arbitrate any dispute, claim, or controversy ("claim") against Community Options, Inc., …"

---

[1] Plaintiffs have filed suit against the corporate entity, Community Options, Inc., as well as several officers/principals of the corporations, collectively "Defendants."

**DISCUSSION**

Plaintiffs do not dispute the existence of the Arbitration Agreement and acknowledge that recent caselaw established by the U.S. Supreme Court holds that arbitration shall be conducted on an individual basis unless the agreement states otherwise. *Lamps Plus, Inc. v. Varela*, 139 S. Ct. 1407, 1419 (2019). Plaintiffs maintain, however, that Defendants have waived their right to arbitrate by, *inter alia*, unduly delaying approximately two years before filing a motion to compel arbitration.

The dispute ultimately centers upon application of the six-factor test employed in *Peterson v. Shearson/American Express, Inc*. (849 F.2d 464, 467-68 [10th Cir. 1988]) which the Courts have utilized to determine whether a party effectively waived the right to compel arbitration. Applying these factors, the Court finds that Defendants have not waived their right to arbitration and Plaintiffs are required, pursuant to the arbitration agreement, to arbitrate any disputes between the parties arising from their employment.

**I.     The Law Relating to Waiver**

The Federal Arbitration Act provides that arbitration provisions "are valid, irrevocable, and enforceable, save upon such grounds as exist at law or in equity for the revocation of any contract." 9 U.S.C. § 2. "A party asserting a waiver of arbitration has a heavy burden of proof." *Peterson v. Shearson/American Express, Inc*., 849 F.2d. at 466 (quoting *Belke v. Merrill Lynch, Pierce, Fenner & Smith*, 693 F.2d 1023, 1025 [11th Cir. 1982]). "[A]ny doubts concerning the scope of arbitrable issues should be resolved in favor of arbitration, whether the problem at hand is the construction of the contract language itself or an allegation of waiver, delay, or a like defense to arbitrability." *BOSC, Inc. v. Bd. of Cty. Comm'rs of Cty. of Bernalillo*, 853 F.3d 1165, 1170 (10th Cir. 2017) (quoting *Moses H. Cone Mem'l Hosp. v. Mercury Constr. Corp.*, 460 U.S. 1, 24-25 [1983]).

The Tenth Circuit has explained that there is "no set rule as to what constitutes a waiver or abandonment of the arbitration agreement; the question depends upon the facts of each case." *Id.* (quoting *Reid Burton Constr., Inc. v. Carpenters Dist. Council of S. Colo.,* 614 F.2d 698, 702 [10th Cir. 1980]). In *Peterson*, the Tenth Circuit provided six factors to consider in analyzing waiver:

> (1) whether the party's actions are inconsistent with the right to arbitrate; (2) whether "the litigation machinery has been substantially invoked" and the parties "were well into preparation of a lawsuit" before the party notified the opposing party of an intent to arbitrate; (3) whether a party either requested arbitration enforcement close to the trial date or delayed for a long period before seeking a stay; (4) whether a defendant seeking arbitration filed a counterclaim without asking for a stay of the proceedings; (5) "whether important intervening steps [e.g., taking advantage of judicial discovery procedures not available in arbitration] had taken place"; and (6) whether the delay "affected, misled, or prejudiced" the opposing party. (internal citations omitted).[2]

These factors are not to be applied mechanically but rather "reflect principles that should guide courts in determining whether it is appropriate to deem that a party has waived its right to demand arbitration." *Hill v. Ricoh Ams. Corp.*, 603 F.3d 766, 773 (10th Cir. 2010); *BOSC, Inc. v. Bd. of County Commissioners of County of Bernalillo,* 853 F.3d at 1170. The Court's predominant focus is upon "whether the party now seeking arbitration is improperly manipulating the judicial process." *Hill v. Ricoh Ams. Corp.*, 603 F.3d at 773.

## II.  Defendants did not Waive the Right to Arbitration.

### A. Defendants' actions are not inconsistent with the right to arbitrate

Applying the *Peterson* factors, Plaintiffs first argue that Defendants actions have been inconsistent with the right to arbitrate, alleging that Defendants failed to broach the issue of arbitration for over a year; did nor move to compel arbitration before six Opt-In Plaintiffs filed consent to join with this action; participated in the discovery process; served initial interrogatories

---

[2] No counterclaim was filed in this action and thus the fourth factor is not addressed by the parties or by this Court.

upon Plaintiffs; and assisted in preparation of a joint motion to stay all pretrial and discovery deadlines. Plaintiffs state that the parties are "well into the preparation of this lawsuit," and that it would be prejudicial to compel arbitration given the significant time and resources Plaintiffs have expended to date. In reply, Defendants qualify the alleged delay, asserting that Plaintiffs had indicated a willingness to engage in mediation to resolve the dispute, and that it was only after protracted discussions, when it became clear that Plaintiffs would not mediate, that Defendants filed this Motion. Defendants further contend that their engagement in the litigation process has been relatively minimal and did not constitute waiver of the right to arbitrate.

The Court is inclined to agree with Defendants. Evidence of manipulation of the judicial process sufficient to constitute waiver of the right to arbitrate may include engaging in dispositive motion practice, such as for summary judgment, and delaying until substantial discovery has been conducted, or until the eve of trial. *Hill v. Ricoh Americas Corp.*, 603 F.3d at 773–74. However, a party that takes some action inconsistent with asserting a right to arbitrate, does not necessarily rise to the level of waiver. *See BOSC, Inc. v. Bd. of County Commissioners of County of Bernalillo*, 853 F.3d at 1174–75.

Here, the parties have conducted minimal discovery;[3] no depositions have been held; Defendants have not engaged in dispositive motion practice, and this is not the eve of trial. While Defendants have taken some steps inconsistent with maintaining the right to arbitrate, it cannot be said they have gone so far as to waive that right. *Id*.

B. <u>The litigation machinery has not been substantially invoked</u>

Plaintiffs next argue that the litigation machinery has been substantially invoked because Plaintiffs and Defendants have produced 51 pages and over 2,000 pages respectively; the parties

---

[3] Notably, in their Motion to Certify Class, Plaintiffs expressly state that minimal discovery has been conducted.

have served and responded to interrogatories; Plaintiffs have expended significant time and expense going through relevant documents and calculating overtime rates; and that Plaintiffs' counsel was "required" to interview several witnesses in the process, including other potential plaintiffs. Plaintiffs claim that it was only once Defendants realized that Plaintiffs had gathered enough evidence to warrant conditional certification of a class that Defendants moved to compel arbitration. Defendants again respond that only limited discovery has been conducted; that it was Plaintiffs' choice to interview witnesses; that Plaintiffs used the interviews as an opportunity to poll for potential additional plaintiffs; and that Plaintiffs waited nearly two years to move for conditional certification, a mere few hours after Defendants' Motion to Compel Arbitration.

On balance, for the reasons previously stated, the Court holds that this does not constitute waiver. Moreover, Plaintiffs' were not "required" to interview witnesses, counsel decided to do so, and conclusory statements regarding significant time and expense is insufficient evidence of prejudice such that Defendants should be held to have waived the right to arbitration. *See BOSC, Inc. v. Bd. of County Commissioners of County of Bernalillo*, 853 F.3d 1165, 1175 (10th Cir. 2017) (holding that counsel's complaint that time and expense were wasted in preparing and responding to motions were "primarily self-induced").

    C. <u>There has not been a significant delay in moving to arbitrate</u>

Plaintiffs contend that Defendants waived their right to arbitrate in delaying over twenty months before moving to compel arbitration. In support, Plaintiffs rely upon two cases, *Metz v. Merrill Lynch, Pierce, Fenner & Smith, Inc.* (39 F.3d 1482 [10th Cir.1994]) and *MidAmerica Fed. Sav. & Loan Ass'n v. Shearson/Am. Exp., Inc.* (886 F.2d 1249 [10th Cir. 1989)].

Defendants correctly note that Plaintiffs' reliance upon these cases is misplaced since the facts of those cases differ from the matter at hand. In *Metz* (and *MidAmerica*), defendants did not

5

move to compel arbitration until after trial. *See Metz v. Merrill Lynch, Pierce, Fenner & Smith, Inc.*, 39 F.3d 1482, 1490 (10th Cir. 1994). In *MidAmerica*, the Court held that the defendants had waived the right to arbitration by "engaging in extensive litigation and delaying its attempt to compel arbitration until after the completion of one full trial and the resolution of post-trial motions." Additionally, the defendant (Shearson) was successful in five of the six claims asserted against it, evincing significant use of the "litigation machinery;" moved for summary judgment and a directed verdict; and delayed over twenty months before asserting the right to arbitrate. *MidAmerica Fed. Sav. & Loan Ass'n v. Shearson/Am. Exp., Inc.*, 886 F.2d at 1261; *see Hill v. Ricoh Americas Corp.* ("We recognize that the prior conduct of discovery was a factor in finding waiver in our decision in *MidAmerica;* but discovery had actually been completed and a number of other factors (including completion of one trial) also supported waiver…").

The action before this Court substantially differs from those relied upon by Plaintiffs in terms of its stage in the litigation process as well as the level of activity conducted. As previously stated, minimal discovery has been conducted and no depositions have been held. There has been no trial and Defendants have not submitted dispositive motions. Additionally, Defendants have set forth that a reason for the delay was due to protracted discussions with Plaintiffs regarding the possibility of mediation of the claims, as opposed to a deliberate use of the legal system to their advantage. Taking these factors into consideration, Defendants have not waived their right to arbitration.

    D. <u>Intervening steps have not been taken</u>

Plaintiffs next argue that significant intervening steps have been taken by the exchange of interrogatories and initial disclosures between the parties. Plaintiffs imply that Defendants only filed the motion to compel arbitration to avoid collective action now that Plaintiffs have moved

for conditional certification.

The Court remains unconvinced that there have been significant steps taken in this action constituting waiver. *See Hill v. Ricoh Americas Corp.*, 603 F.3d at 776 (referring to *Patten Grading & Paving, Inc. v. Skanska USA Bldg., Inc.*, 380 F.3d 200, 206 (4th Cir. 2004); the Court found no waiver existed after parties exchanged discovery, including interrogatories and requests for production, participated in court-ordered mediation, and added additional claims before moving to stay proceedings and compel arbitration). Nor does it appear that the discovery thus far differs from that which would have been obtained through arbitration. *See Id*. ("no evidence that such discovery was unavailable in arbitration, or that [Defendant] had 'gained a strategic advantage through its discovery requests' ").

E. The parties have not been prejudiced

Lastly, Plaintiffs contend that they have been misled and unduly prejudiced by Defendants' delay in seeking to enforce arbitration. "[P]rejudice ... refers to the inherent unfairness—in terms of delay, expense, or damage to a party's legal position—that occurs when the party's opponent forces it to litigate an issue and later seeks to arbitrate that same issue." *In re Cox Enterprises, Inc. Set-top Cable Television Box Antitrust Litig.*, 835 F.3d at 1208–09.

Plaintiffs claim they have been misled for nearly two years, believing Defendants had waived their right to compel arbitration. Plaintiffs again refer to counsel's expenditures and time spent investigating the potential for conditional certification. Plaintiffs state that "more than a years' worth of work and expenses will be rendered meaningless" should they be forced to arbitrate the action.

Plaintiffs have not demonstrated, beyond conclusory statements, how their work would be rendered meaningless, or shown that significant resources have been expended. As the Court

7

previously noted, despite Plaintiffs' implication to the contrary, it was Plaintiffs' choice to calculate overtime rates of potential Opt-Ins to the case. *See BOSC, Inc. v. Bd. of County Commissioners of County of Bernalillo*, 853 F.3d at 1175.

## CONCLUSION

Having considered the *Peterson* factors in the context of this action, the Court finds that Plaintiffs have not met the "heavy burden" to establish waiver of the right to arbitration and have not overcome the strong presumption in favor of enforcing arbitration agreements. *See In re Cox Enterprises, Inc. Set-top Cable Television Box Antitrust Litig.,* 835 F.3d at 1201. Rather, Plaintiffs, having acknowledged the existence of the arbitration agreement, must adhere to its provisions. Therefore, the Court compels arbitration and stays this case pending arbitration.

**THEREFORE,**

**IT IS ORDERED** that Defendants' Motion to Stay the Action and Compel Arbitration (Doc. 47) is hereby **GRANTED**.

**IT IS FURTHER ORDERED** that this case is **STAYED** pending arbitration.

**IT IS FINALLY ORDERED** that Plaintiffs' Motion to Certify Class (Doc. 46) is denied without prejudice.

_____
KEA W. RIGGS
UNITED STATES DISTRICT JUDGE